IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOME HEALTH CARE MANAGEMENT, INC., a Pennsylvania non-profit corporation, and ADVANTAGE HOME CARE, INC., a Pennsylvania non-profit corporation,<br><br>        Plaintiffs,<br><br>        v.<br><br>ADVANTAGE HOME HEALTH SERVICES, LLC, a Pennsylvania limited liability company, and ADVANTAGE HOME HEALTH SERVICES EAST, LLC, a Pennsylvania limited liability company,<br><br>        DEFENDANTS. | CIVIL ACTION<br><br>NO.<br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiffs Home Health Care Management, Inc., a Pennsylvania non-profit corporation, and Advantage Home Care, Inc., a Pennsylvania non-profit corporation (collectively, "PLAINTIFFS") file this complaint against defendants Advantage Home Health Services, LLC, a Pennsylvania limited liability company, and Advantage Home Health Services East, LLC, a Pennsylvania limited liability company (collectively, "DEFENDANTS") and, in support thereof, aver as follows:

## The Parties

1. Plaintiff Home Health Care Management, Inc. ("Home Health") is a Pennsylvania non-profit corporation with a registered office address of 1170 Berkshire Boulevard, Wyomissing, Pennsylvania 19610.

2. Plaintiff Advantage Home Care, Inc. ("Advantage Home Care") is a Pennsylvania non-profit corporation with a registered office address of 1170 Berkshire Boulevard, Wyomissing, Pennsylvania 19610.

3. Advantage Home Care is a wholly-owned subsidiary of Home Health.

4. Defendant Advantage Home Health Services, LLC ("AHHS") is a Pennsylvania limited liability company with a registered office address of 500 Lewis Run Road, Pittsburgh, Pennsylvania 15122.

5. Defendant Advantage Home Health Services East, LLC ("AHHE") is a Pennsylvania limited liability company with a registered office address of 5035 Clairton Boulevard, Pittsburgh, Pennsylvania 15236.

6. Upon information and belief, AHHS and AHHE are under common ownership and control and each acts as the agent of the other.

## Jurisdiction and Venue

7. This is an action for trademark infringement, false designation of origin and description in violation of the Lanham Act, and unfair competition (under federal and common law) and related claims.

8. This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Federal Trademark Act) and 28 U.S.C. §1338(a) and (b) (acts of Congress relating to trademarks and pendant unfair competition claims).

9. DEFENDANTS are subject to this Court's personal jurisdiction in that they are business entities created under the laws of the Commonwealth of Pennsylvania, have registered offices in Pennsylvania, and regularly conduct business within Pennsylvania.

10. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 because, among other reasons, a substantial part of the events or omissions giving rise to the claims at issue in this action occurred in this judicial district, and a substantial part of the property that is the subject of the action is situated in this judicial district.

**Factual Background**

11. Home Health is an independent, voluntary, non-profit health organization.

12. Home Health was formed in 1987 to provide human resources, finance, billing, information systems, payroll, performance improvement, staff development, fund development and community relations to its subsidiaries.

13. Home Health also is the owner of intellectual property developed and/or acquired by its subsidiary businesses. This intellectual property is then licensed by Home Health exclusively to its subsidiaries.

14. One such subsidiary business of Home Health is Advantage Home Care which was formed in July 1987.

15. Advantage Home Care provides a variety of home care services to individuals in their homes, assisted living centers, nursing homes and hospitals.

16. Since its formation, Advantage Home Care has developed a number of valuable trademarks including "ADVANTAGE HOME CARE", "VNADVANTAGE" and "ADVANTAGE HOME CARE" (and Design).

17. On February 8, 2002, Home Health was awarded U.S. Reg. Trademark 2,527,496 for "VNADVANTAGE" for "Printed materials, namely a newsletter for home health care services."

4

18. On October 1, 2013, Home Health was awarded U.S. Registered Trademark 4,412,248 for "ADVANTAGE HOME CARE" (and Design) for Home health care services." The design element in U.S. Registered Trademark 4,412,248 is as follows:



19. Both of the foregoing U.S. Registered Trademarks (the "REGISTERED TRADEMARKS") are subsisting, valid and enforceable.

20. The REGISTERED TRADEMARKS have come to identify the services provided by Home Health and Advantage Home Care and symbolize the quality and dependability of those services and of Home Health and Advantage Home Care.

21. Upon information and belief, AHHS was formed in 2005 to provide home health care services in and around Pittsburgh, Pennsylvania.

22. Upon information and belief, AHHS caused AHHE to be formed in October 2013, to provide home health care services in direct competition with Advantage Home Care.

23. Subsequently, AHHS and/or AHHE have adopted and use trademarks that are confusingly similar with and infringe the REGISTERED TRADEMARKS including, but not limited to "ADVANTAGECARE", "ADVANTAGECARE REHABILITATION SERVICES", "ADVANTAGE HOME HEALTH SERVICES", "ADVANTAGECARE CONSULTING" and "ADVANTAGE HEALTHCHECK".

24. AHHS and AHHE also have adopted and use trademarks that incorporate designs similar to those used by Home Health and Advantage Home Care in the REGISTERED TRADEMARKS (and other trademarks), including, but not limited to, the following:

  

The infringing and confusingly similar marks adopted and used by AHHS and/or AHHE are referred to herein as the "INFRINGING TRADEMARKS".

25. AHHS and AHHE have engaged in this unlawful conduct with the knowledge and intention that it would affect and damage Home Health and Advantage Home Care.

26. AHHS and AHHE have used the INFRINGING TRADEMARKS on their websites and in printed materials.

27. As a direct result of the unlawful conduct of AHHS and AHHE, individuals and businesses that have transacted business with Home Health and Advantage Home Care and have considered transacting business with Home Health and Advantage Home Care have been confused and come to believe that they were transacting business with Home Health and Advantage Home Care (when they are not) and/or believed that Home Health and/or Advantage Home Care approved, endorsed or sponsored the goods and services of AHHS and/or AHHE (which they have not).

28. Neither Home Health nor Advantage Home Care has authorized AHHS or AHHE to use the REGISTERED TRADEMARKS or any colorable imitation of either of them.

29. Home Health and Advantage Home Care have been damaged and will continue to be damaged by the unlawful conduct of AHHS and AHHE unless and until such conduct is halted by the Court.

30. Monetary damages will not, alone, be adequate to redress past and future damages sustained by Home Health nor Advantage Home Care.

SL1 1358396v3 002070.00001

<u>CLAIMS FOR RELIEF</u>

<u>COUNT ONE</u>

<u>INFRINGEMENT OF REGISTERED TRADEMARKS
LANHAM ACT, 15 U.S.C. § 1114</u>

31.     PLAINTIFFS hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 30, inclusive, as though fully set forth herein.

32.     DEFENDANTS have infringed the REGISTERED TRADEMARKS in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of Infringing Trademark No. 1, which is a reproduction, counterfeit, copy or colorable imitation of the REGISTERED TRADEMARKS, in the sale, offering for sale, promotion and advertisement of DEFENDANTS' goods and services which goods and services are not those of PLAINTIFFS.

33.     DEFENDANTS have each themselves infringed, directly and/or vicariously or contributorily, and induced and/or aided and abetted the other to infringe the REGISTERED TRADEMARKS in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of the INFRINGING TRADEMARKS.

34.     The INFRINGING TRADEMARKS are reproductions, counterfeits, copies or colorable imitations of the REGISTERED TRADEMARKS.

35. DEFENDANTS have used the INFRINGING TRADEMARKS in interstate commerce in the sale, offering for sale, promotion and advertisement of DEFENDANTS' goods and services which goods and services are not those of PLAINTIFFS.

36. Such infringement has been direct and indirect, primary and secondary.

37. DEFENDANTS' continued use of the Infringing Trademarks, which are reproductions, counterfeits, copies or colorable imitations of the REGISTERED TRADEMARKS, is without the permission or authority of PLAINTIFFS and has caused and is likely to cause confusion, cause mistake and/or to deceive those in the relevant market in violation of 15 U.S.C. § 1114.

38. DEFENDANTS' continued use of the REGISTERED TRADEMARKS or reproductions, counterfeits, copies or colorable imitations thereof in connection with the offering of services has been made notwithstanding PLAINTIFFS' well-known and prior established rights in the REGISTERED TRADEMARKS and with both actual and constructive notice of PLAINTIFFS' REGISTERED TRADEMARKS including under 15 U.S.C. §1072.

39. DEFENDANTS' continued infringement of PLAINTIFFS' REGISTERED TRADEMARKS has been and continues to be willful, entitling

PLAINTIFFS to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

40. DEFENDANTS' continued infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to PLAINTIFFS, their business, their reputation and loss of goodwill in the REGISTERED TRADEMARKS for which PLAINTIFFS have no adequate remedy at law.

## COUNT TWO

### UNFAIR COMPETITION
### LANHAM ACT, 15 U.S.C. § 1125(a)

41. PLAINTIFFS hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 40, inclusive, as though fully set forth herein.

42. The REGISTERED TRADEMARKS, as used in connection with medical services, are distinctive, associated with the high quality and reliability of the services offered by PLAINTIFFS and has become closely associated with PLAINTIFFS through continuous, extensive and widespread use of the REGISTERED TRADEMARKS by PLAINTIFFS.

43. The INFRINGING MARKS are used by the DEFENDANTS to offer services to customers in the same field or fields as those offered by PLAINTIFFS.

SL1 1358396v3 002070.00001

44. DEFENDANTS' use of the INFRINGING MARKS has caused and is likely to cause confusion, mistake or to deceive consumers as to an assumed affiliation, connection or association of DEFENDANTS with PLAINTIFFS, or to cause confusion, mistake or to deceive consumers as to the source, sponsorship or approval of DEFENDANTS' services, thereby entitling PLAINTIFFS to relief under 15 U.S.C. § 1125(a).

45. DEFENDANTS' actions have been knowing, deliberate and willful and intended to cause mistake or to deceive consumers in disregard of PLAINTIFFS' rights.

46. DEFENDANTS' continued infringement of PLAINTIFFS' REGISTERED TRADEMARKS has been and continue to be willful, entitling PLAINTIFFS to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

47. DEFENDANTS' continued infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to PLAINTIFFS, their business, their reputation and loss of goodwill in the REGISTERED TRADEMARKS for which PLAINTIFFS have no adequate remedy at law.

## COUNT THREE

### FALSE DESIGNATION OF ORIGIN
### LANHAM ACT, 15 U.S.C. § 1125(a)

48. PLAINTIFFS hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 47, inclusive, as though fully set forth herein.

49. DEFENDANTS' use in commerce of the INFRINGING MARKS – trademarks that are confusingly similar to the REGISTERED TRADEMARKS – as trade names or trademarks for services offered to customers in the field of home care services – constitutes a false designation of origin by creating the appearance and impression that DEFENDANTS' services are those of PLAINTIFFS when, in fact, they are not.

50. By engaging in such conduct, DEFENDANTS have engaged in false designation of origin and false designation of sponsorship in violation of the Lanham Act, 15 U.S.C. § 1125(a).

51. DEFENDANTS' actions have been knowing, deliberate and willful and intended to cause mistake or to deceive consumers in disregard of PLAINTIFFS' rights.

52. DEFENDANTS' continued wrongful and unlawful conduct has been and continues to be willful, entitling PLAINTIFFS to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

53. DEFENDANTS' continued infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to PLAINTIFFS, their business, their reputation and loss of goodwill in the REGISTERED TRADEMARKS for which PLAINTIFFS have no adequate remedy at law.

### COUNT FOUR
### COMMON LAW UNFAIR COMPETITION

54. PLAINTIFFS hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 53, inclusive, as though fully set forth herein.

55. PLAINTIFFS have established valuable goodwill in the REGISTERED TRADEMARKS.

56. In addition to their rights under the Lanham Act, PLAINTIFFS have valid, common law rights in their trademarks including the REGISTERED TRADEMARKS.

57. DEFENDANTS' use of the INFRINGING MARKS – trademarks that are confusingly similar to the REGISTERED TRADEMARKS – as trade names or trademarks for services offered to customers in the field of home care services – in addition to violating federal trademark and unfair competition law, also constitutes

13

common law unfair and unlawful competition with PLAINTIFFS by DEFENDANTS.

58. DEFENDANTS' actions have been knowing, deliberate and willful and intended to cause mistake or to deceive consumers in disregard of PLAINTIFFS' rights.

59. DEFENDANTS' continued wrongful and unlawful conduct has been and continues to be willful, entitling PLAINTIFFS to damages including exemplary and punitive damages.

60. DEFENDANTS' continued wrongful and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to PLAINTIFFS, their business, their reputation and loss of goodwill in the REGISTERED TRADEMARKS for which PLAINTIFFS have no adequate remedy at law.

## COUNT FIVE
### UNJUST ENRICHMENT

61. PLAINTIFFS hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 60, inclusive, as though fully set forth herein.

62. By engaging in the aforementioned conduct, DEFENDANTS have been and will be unjustly enriched.

63. DEFENDANTS' continued wrongful and unlawful conduct has been and continues to be willful, entitling PLAINTIFFS to damages including exemplary and punitive damages.

64. DEFENDANTS' continued wrongful and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to PLAINTIFFS, their business, their reputation and loss of goodwill in the REGISTERED TRADEMARKS for which PLAINTIFFS have no adequate remedy at law.

65. Under the facts and circumstances described above, DEFENDANTS should not be permitted to retain the benefits of their unjust enrichment at the expense of PLAINTIFFS.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS prays that the Court grant it the following relief:

    A. An award of damages to PLAINTIFFS, including compensatory, special, exemplary, punitive, statutory and trebled damages (as appropriate to the cause of action) to be assessed, jointly and severally, against DEFENDANTS;

    B. A preliminary and permanent injunction restraining the DEFENDANTS, together with their officers, employees, agents,

successors and assigns and all others acting for, by, or in concert with any of them, from adopting, using or displaying any trade name or trademark that is confusingly similar with the REGISTERED TRADEMARKS including, but not limited to, the INFRINGING MARKS;

C. An Order requiring the DEFENDANTS to account to PLAINTIFFS for their profits resulting from their unlawful conduct;

D. An Order requiring DEFENDANTS to destroy all materials bearing or incorporating any of the INFRINGING MARKS;

E. An award of attorneys' fees and costs; and

F. Such other relief as the Court deems just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

Respectfully submitted,

Dated: April 22, 2015

STEVENS & LEE, P.C.

By: _____
Jeffrey D. Bukowski
Attorney I.D. No. 76102
111 North Sixth Street
Reading, PA 19603-0679
(610) 478-2215
jdb@stevenslee.com

*Attorneys for Plaintiffs, Home Health Care Management, Inc. and Advantage Home Care, Inc.,*